## THOMAS DILLEY
## v.
## THE PEOPLE.

CRIMINAL LAW—ADULTERATION OF MILK.—Under an indictment for adulterating milk, an instruction which tells the jury that if they believe, etc , that the defendant sold a quantity of milk to A, and delivered it to his servant, who delivered it to A in the same condition in which he received it from the defendant, and that it was then found by satisfactory tests that the milk was adulterated with water, they should find the defendant guilty, is erroneous. The milk may have been adulterated when received from the defendant, and still he may not have done it, or had any knowledge of it. It does not necessarily follow that because the milk was adulterated when delivered by defendant, that he did it.

ERROR to the Circuit Court of Henry county; the Hon. A. A. SMITH, Judge, presiding. Opinion filed May 2, 1879.

Messrs. KENWORTHY & BEARDSLEY, for plaintiff in error; that it was proper to give in evidence the contents of a memorandum book kept by a witness, to impeach the testimony of the witness, cited Nor. Line Packet Co. v. Binninger, 70 Ill. 571; Craig v. Rohrer, 63 Ill. 325; 1 Greenleaf's Ev. § 462; 2 Phillips' Ev. 963.

As to instruction that jury may disregard testimony if they believe the witness has sworn falsely upon a material fact, except so far as he is corroborated by credible witnesses: Crabtree v. Hagenbaugh, 25 Ill. 233; Meixell v. Williamson, 35 Ill. 529; Huddle v. Martin, 54 Ill. 258; C. & A. R. R. Co. v. Buttolf, 66 Ill. 347; Peak v. The People, 76 Ill. 289; Gulliher v. The People, 82 Ill. 145; Angle v. Faul, 85 Ill. 106.

Mr. C. DUNHAM and Mr. T. E. MILCHRIST, for defendant in error; as to the instructions, cited Kendall v. Brown, 86 Ill. 387; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309; Gisler v. Witzel, 82 Ill. 322; Belden v. Woodmansee, 81 Ill. 25.

As to the affidavit of newly discovered evidence: Gottschalk v. Hughes, 82 Ill. 484; Murphy v. McGrath, 79 Ill. 594; Bowers

v. The People, 74 Ill. 418; Emory v. Addis, 71 Ill. 273; Champion v. Ulmer, 70 Ill. 322; Cowan v. Smith, 35 Ill. 416.

MURPHY, P. J. At the October term of the Circuit Court of Henry county, the plaintiff in error was indicted by the grand jury for the offense of adulterating milk with water for the purpose of selling the same, and for selling milk, knowing it to be adulterated with water.

The indictment contained twenty counts, the first ten of which charged the plaintiff in error with the offense of adulterating milk for the purpose of sale. The last ten counts charged him with the offense of knowingly selling milk adulterated with water to Messrs. Gilbert & Baum, proprietors of a cheese factory in the community where he resided. Upon a trial of the cause in the court below, a jury returned a verdict of guilty on the first and eleventh counts, and not guilty on the other counts. Upon the verdict the court gave judgment for $400 fine, and that the defendant stand committed until the fine and costs were paid. The plaintiff in error sued out a writ of error, and brings the record to this court (by agreement) and asks a reversal of the judgment in the court below on numerous grounds, only part of which do we deem it necessary for us to consider.

At the trial in the court below, it was disclosed, that the milk alleged to have been adulterated was hauled to the factory of Gilbert & Baum by Morris Caddigan, their employee, and that it was delivered to him by the defendant at his residence, to be so taken to the factory—being about six miles distant from the factory.

On the trial the court, at the instance of the plaintiff's counsel below, gave the jury the following instruction, being numbered three in the series asked by them:

That "If you believe, from the evidence, that from the 30th day of July to the 16th day of August last, the defendant sold to Gilbert & Baum a large quantity of milk, and delivered the same to the witness Caddigan, to be delivered to Gilbert & Baum at their cheese factory, and that said milk was delivered to said Gilbert & Baum, at their cheese factory in the same

amount, quality and condition as when taken by said Caddigan; and that upon its delivery at the factory it was tested for water by a thermometer and lactometer and other tests; and that the lactometer is an instrument generally used by cheese makers to detect water in milk, and that by its use, water can readily be detected in milk when it is used in milk for the purpose of adulteration; and that such milk was tested by Eddy, Webster and others by such lactometer, and if from such tests a large quantity of water was detected in said milk by such tests, and all other facts and circumstances of the case, in proof, you believe, from the evidence, beyond a reasonable doubt, the milk was watered, you will find the defendant guilty."

To the giving of this instruction the defendant excepted at the time, and assigns the giving of it as error in this court.

It will be seen that every hypothetical fact upon which the instruction is based, might be found by the jury to exist, and still the defendant not be guilty. The vital fact that the jury should believe from the evidence, not only that the milk was adulterated when received by Gilbert & Baum, but that the defendant should have committed the act of adulteration, is omitted from the instruction, without which the instruction was imperfect, and it was error to give it.

This instruction tells the jury, that if they believe from the evidence that the defendant sold a quantity of milk to Gilbert & Baum, and delivered it to the witness, Caddigan, who delivered it in the same condition to Gilbert & Baum, and that it was then found by satisfactory tests to be adulterated with water, then, and in that case, they should find the defendant guilty. The error of the instruction becomes at once apparent upon stating the consequence to which its terms inevitably lead. The milk may have been adulterated when delivered by defendant to Caddigan, and still the defendant not have done it, or known anything about who did. It does not follow, necessarily, that if the milk was adulterated, that therefore the defendant is guilty. The jury must believe from the evidence, beyond a reasonable doubt, that defendant committed the act of adulteration, either directly or indirectly. This the instruction fails to tell the jury, but is calculated to mislead them to

the conclusion that they could find the defendant guilty, without finding that fact. The injustice of this instruction to the defendant is manifest, and for which the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.